UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

IN RE: TOWER AUTOMOTIVE, INC.,

                                      06 Civ. 2105 (RWS)

                                      <u>MEMORANDUM OPINION</u>
                                          <u>AND ORDER</u>

----------------------------------------X 

**Sweet, D.J.,**

        Defendant Federal Insurance Company ("Federal") has moved to stay this Court's Opinion of April 17, 2007 and Judgment of April 25, 2007, which held that Federal is obligated to pay the defense costs of certain claims brought against Tower Automotive, Inc. ("Tower") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. For the reasons stated below, the motion will be granted.

**Background**

        The Court's Opinion of April 17, 2007 described the facts now pertinent:

> On February 2, 2005, Tower filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code. Over the next two months, six actions were filed in this District

1

against Tower and certain of its officers, directors and employees, alleging violations of ERISA related to Tower's employee benefit plans (the "ERISA Actions"). Over the same time period, five actions were filed in this District alleging that certain of Tower's officers violated the Securities Exchange Act (the "Securities Actions"). Both types of actions alleged in part that Tower's officers made false or misleading statements about the company's liquidity position.

Federal refused to pay Tower's ERISA litigation costs under the Fiduciary Liability Policy Federal had issued to Tower, asserting that the policy's "Securities-Based Claims Exclusion" relieved Federal of its liability with regard to the ERISA actions.

On December 19, 2005, the Honorable Allan L. Gropper of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") issued an Order Proposing Findings and Recommendations to the District Court recommending that this Court grant Tower's summary judgment motion on the issue of Federal's obligation to pay the defense costs of the ERISA actions.

On April 17, 2007, the Court granted Tower's motion for summary judgment.

Federal has moved for the Court to stay its decision as a matter of right under Fed. R. Civ. P. 62(d), or, alternatively, at the Court's discretion under Fed. R. Civ. P. 62(c). Federal has stated that it is willing, if the Court so orders, to post a bond of the full amount Tower identifies as due.

## Discussion

Under F. R. Civ. P. 62(d), "a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with" the rule. Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966). Federal has asserted that the Court's Opinion of April 17, 2007 is effectively a money judgment, since it requires Federal to pay the defense costs incurred by Tower and its officers in the ERISA actions.

However, the Court's Opinion was not a money judgment, but rather a declaratory judgment which determined the scope of Federal's obligation. Furthermore, the decision awarded no fix sum of money; indeed, the parties agree that the amount due under the insurance policy is currently unknown. As such, Rule 62(d) is inapplicable. See, e.g., Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1992) (granting a Rule 62(d) stay only where the declaratory judgment required payment of "a specific sum of money"); J. Perez & CIA., Inc. v. United States, 747 F.2d 813, 814 (1st Cir. 1984) (denying a Rule 62(d) stay where the ruling "is more naturally viewed as a case involving an order to do, or not to do, something . . . rather than a case involving a money judgment.").

3

At its discretion, a court may grant a stay under Rule 62(c) "upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Fed. R. Civ. P. 62(c).

In deciding whether to grant such a stay, a court should consider the following four factors:

1) Whether the movant has demonstrated "a substantial possibility, although less than a likelihood, of success" on appeal;

2) The risk of irreparable injury to the movant absent a stay;

3) The lack of substantial harm to the non-movant if the stay is granted;

4) The public interests that may be affected.

Hirschfeld v. Bd. Of Elections, 984 F.2d 35, 39 (2d Cir. 1993).

Though each court to consider Federal's arguments has found that the policy exclusion does not preclude coverage of the ERISA actions, there is a substantial possibility that Federal's appeal will succeed. As both this Court's April 17 Opinion and the Bankruptcy Court's September 19 opinion noted, Federal's interpretation of the exclusion is reasonable. Furthermore, while ultimately finding that Tower's interpretation "much more closely adheres to the policy as a whole," the Court noted that it was a "perhaps inartful" reading of the policy's language. (April 17

4

Opinion, at 11-12). Given the plausibility of Federal's preferred interpretation, there is a substantial probability that Federal will succeed on appeal.

The second factor -- the likelihood of irreparable injury to Federal should the stay be denied -- also weighs in favor of granting the motion. Because Tower is currently in bankruptcy, there is the distinct possibility that Federal, if it prevails upon appeal, will be unable to recover some or all of the amounts expended. While it is difficult to gauge the likelihood of this eventuality, such a scenario would surely constitute irreparable injury to Federal. This is precisely the reason a court would issue a stay under Rule 62. See Donovan v. Fall River Foundry Co., 696 F.2d 524, 526 (7th Cir. 1982).

Provided that Federal posts an adequate bond, the harm to Tower should the Court grant the stay is minimal. Tower has raised the prospect of a stay resulting in delaying of payments to its creditors "in the event that Tower's future payment of defense costs adversely impacts its planned emergence from chapter 11." However, the ERISA litigation is nearly complete and the Court has been advised that the parties are near settlement. Accordingly, future defense costs are likely to be modest. The harm Tower will suffer under the stay is not substantial.

5

Finally, public policy does not weigh heavily on either side. While the "public interest favors the expedient administration of the bankruptcy proceedings," there is no indication that granting a stay will actually delay the bankruptcy proceedings. In re Savage & Associates, P.C., 2005 WL 488643, *2 (S.D.N.Y. Feb. 28, 2005).

**Conclusion**

For the reasons stated above, Federal's motion will be granted under Fed. R. Civ. P. 62(c). Upon the posting of a court-approved supersedeas bond in the amount of $1,000,000, the Court's Order of April 17, 2007 and Judgment of April 25, 2007 shall be stayed.

It is so ordered.

New York, NY
July 3 , 2007

ROBERT W. SWEET
U.S.D.J.

6